UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LIOVIGILDA BALDERAS MARTINEZ, INDIVIDUALLY, AS REPRESENTATIVE OF THE ESTATE OF LUIS ROMERO SANCHEZ, DECEASED, AND AS NEXT FRIEND OF V.R.B, V.R.B, L.R.B, J.G.R.B, AND J.E.R.B., § § § § § § § § | § | No. SA:14–CV–376–DAE |
| Plaintiff, | § § | |
| vs. | § § | |
| FORD MOTOR COMPANY, | § § | |
| Defendant. | § | |

ORDER (1) GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND (2) DENYING PLAINTIFF'S MOTION FOR LEAVE TO
FILE FIRST AMENDED COMPLAINT

Before the Court is a Motion for Summary Judgment filed by Defendant Ford Motor Company ("Defendant") (Dkt. # 11) and a Motion for Leave to File First Amended Complaint filed by Plaintiff Liovigilda Balderas Martinez ("Plaintiff") (Dkt. # 17). On November 25, 2014, the Court heard oral argument on the Motion. Jason P. Hoelscher, Esq., appeared at the hearing on behalf of Plaintiff; William L. Mennucci, Esq., appeared at the hearing on behalf of Defendant. After reviewing the Motion and the supporting and opposing memoranda, and considering the parties' arguments at the hearing, the Court

1

**GRANTS** Defendant's Motion for Summary Judgment (Dkt. # 11) and **DENIES** Plaintiff's Motion for Leave to File First Amended Complaint (Dkt. # 17).

BACKGROUND

On March 2, 2014, decedent Luis Romero Sanchez was driving a 1999 Ford F150 pickup truck (VIN #1FTRX17W4XNB47910) on U.S. Highway 62/180 in Texas. (Dkt. # 1 ¶ 3.1.) Defendant designed, manufactured, and marketed the subject vehicle. (Id. ¶ 3.5.) According to the police report, the vehicle entered a counterclockwise skid while exiting the roadway and rolled over, coming to rest on its roof. (Id. ¶ 3.2.) Although he was wearing a seatbelt, Luis Romero suffered a severe head injury and died at the scene. (Id. ¶¶ 3.3–3.4.)

On April 25, 2014, Plaintiff, who is Luis Romero's widow, filed this lawsuit against Defendant individually, as representative of her husband's estate, and as next friend of their five minor children. (Dkt. # 1.) Plaintiff brings suit individually and as next friend of her children under the Texas Wrongful Death Act and as representative of her husband's estate under the Texas Survival Act. (Id. ¶ 2.1.) On July 28, 2014, Defendant filed the instant Motion for Summary Judgment on All Claims Based on the Statute of Repose. (Dkt. # 11.) On August 11, 2014, Plaintiff filed her response. (Dkt. # 13.) On August 18, 2014, Defendant filed a reply (Dkt. # 14), and on August 25, 2014, Plaintiff filed a sur-reply (Dkt. # 15).

## LEGAL STANDARD

Summary judgment is proper where the evidence demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Cannata v. Catholic Diocese of Austin, 700 F.3d 169, 172 (5th Cir. 2012). The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. Davis v. Fort Bend Cnty., 765 F.3d 480, 484 (5th Cir. 2014) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). If the moving party meets its burden, the burden shifts to the nonmoving party to come forward with specific facts that establish the existence of a genuine issue for trial. ACE Am. Ins. Co. v. Freeport Welding & Fabricating, Inc., 699 F.3d 832, 839 (5th Cir. 2012).

The court evaluates the proffered evidence in the light most favorable to the nonmoving party. Mace v. City of Palestine, 333 F.3d 621, 623 (5th Cir. 2003). The court "examines the pleadings, affidavits, and other evidence introduced in the motion, resolves any factual doubts in favor of the non-movant, and determines whether a triable issue of fact exists." Leghart v. Hauk, 25 F. Supp. 2d 748, 751 (W.D. Tex. 1998). However, "[u]nsubstantied assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." Brown v. City of Hous., 337 F.3d 539, 541 (5th Cir. 2003).

DISCUSSION

I.  Objections to Evidence

Before reaching the basis of Defendant's Motion, the Court notes that Plaintiff objects to several pieces of evidence offered by Defendant in support of its Motion. (Dkt. # 13 at 3.) Specifically, Plaintiff objects to the following: (1) the Affidavit of William Ballard (Dkt. # 11, Ex. 3); (2) the Vehicle Information Report, (Id. Ex. 4); and (3) the Ford Mini-999 Report. (Id. Ex. 5.)[1]  When ruling on a summary judgment motion, a court may consider only admissible evidence. Fed. R. Civ. P. 56; Mersch v. City of Dall., 207 F.3d 732, 734–35 (5th Cir. 2000). The Court considers each piece of proffered evidence in turn.

   A.  Affidavit of William Ballard

Plaintiff objects to the Affidavit of William Ballard on three grounds, each discussed below. Rule 56 of the Federal Rules of Civil Procedure allows a party to produce an affidavit to support a motion for summary judgment. See Fed. R. Civ. P. 56(c)(1)(A). Such affidavits "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant . . . is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

Plaintiff first objects to the affidavit on the grounds that it is "conclusory." (Dkt. # 13 at 3.) Defendant counters that this objection fails on its

---

[1] Plaintiff also objects to the Georgia Title History (Dkt. # 11, Ex. 6). (Dkt. # 13 at 3.) Defendant has agreed to withdraw that exhibit. (Dkt. # 14 at 3.)

face because it is not a specific objection as required by Federal Rule of Evidence 103(a)(1)(B). (Dkt. # 14 at 2.) Defendant further argues that the affidavit is in fact detailed and based on the business records of Ford Motor Company as interpreted by Ballard based on his experience at Ford and his knowledge of the records. (Id.) Federal Rule of Evidence 103(a)(1)(B) "requires the objecting party to make specific objections and state the specific grounds on which each piece of evidence should be stricken." Lifecare Mgmt Servs., LLC v. Ins. Mgmt Adm'rs, Inc., No. 3:08–CV–1641–M, 2010 WL 3283059, at *2 (N.D. Tex. Aug. 18, 2010). A "loosely formulated and imprecise objection will not preserve error;" thus, a trial court "must be fully appraised of the grounds of an objection." Williams v. N. Tex. Tollway Auth., No. 3:08–CV–1840–G, 2010 WL 2403740, at *4 (N.D. Tex. Apr. 27, 2010) (quoting United States v. Polasek, 162 F.3d 878, 883 (5th Cir. 1998)).

The Court finds that Plaintiff's objection is not specific enough to pass muster under Federal Rule of Evidence 103(a)(1)(B). Plaintiff does not tell the Court which parts of the Affidavit she finds overly conclusory; a broad statement that "said affidavit is conclusory" does not fully apprise the Court of the grounds for the objection. Thus, the Court overrules this objection.

Plaintiff next objects to the affidavit on the grounds that it is based upon hearsay. (Dkt. # 13 at 3.) Defendant responds that the affidavit is based

upon Ford's Vehicle Information Report and Mini-999, both of which are admissble under the business records exception to the hearsay rule under Federal Rule of Evidence 803(6). (Dkt. # 14 at 2.) For the reasons stated below in the next section of this Order, the Court finds those documents admissible under the business records exception.

Plaintiff's final objection to the affidavit is that Ballard does not have personal knowledge of the sale of the subject vehicle. (Dkt. # 13 at 3.) Defendant admits that Ballard does not have personal knowledge of the sale, but argues that he has personal knowledge of Ford's recordkeeping practices and how to interpret those records to determine the date of sale and other relevant information. (Dkt. # 14 at 3.) A court may rely upon affidavits at the summary judgment stage where the affiant's "personal knowledge and competence to testify are reasonably inferred from their positions and the nature of their participation in the matters to which they swore." DIRECTV, Inc. v. Budden, 420 F.3d 521, 530 (5th Cir. 2005).

William Ballard has been employed as an engineer at Ford since 1985. (Dkt. # 11, Ex. 3 ¶ 2.) He states in his affidavit: "[b]ased on my employment and experience with Ford, I have personal knowledge of some of the types of information and data collected and maintained by Ford in the course of its business regarding the vehicles that it sells." (Id. ¶ 3.) The Court finds that based on his extensive experience with Ford and its record keeping practices, Ballard has

sufficient personal knowledge to identify and interpret the records Defendant relies upon. The Court therefore overrules Plaintiff's objection to the affidavit.

    B.    <u>Vehicle Information Report and Ford Mini-999 Report</u>

Plaintiff objects to the Vehicle Information Report (Dkt. # 11, Ex. 4) and the Ford Mini-999 Report (<u>Id.</u> Ex. 5) on hearsay grounds. (Dkt. # 13 at 3.) Defendant responds that both of these document fall under the business records exception to the hearsay rule. (Dkt. # 14 at 3.)

A record that would otherwise be inadmissible under the rule against hearsay may be admitted if "the record was kept in the course of a regularly conducted activity of a business." Fed. R. Evid. 803(6). In order to be admissible under this exception, the record must meet the following criteria: (1) the record must have been made at or near the time by—or from information transmitted by—someone with knowledge; (2) the record must have been kept in the course of a regularly conducted activity of a business; and (3) making the record must have been a regular practice of that activity. <u>Id.</u>; <u>United States v. Ned</u>, 637 F.3d 562, 569 (5th Cir. 2011). These conditions must be shown by the testimony of the custodian or another qualified witness. <u>Id.</u> A record will only qualify under this exception if the opponent fails to show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness. <u>Id.</u>

7

> In his affidavit, Ballard confirms that with respect to both records:
>
> The information reflected . . . is kept and maintained by Ford in the regular course of business, and it was the regular course of business of Ford for an employee or representative of Ford, with knowledge of the act or event recorded, to make the record or to transmit information thereof to be included in such record; and the record was made at or near the time or reasonably soon thereafter.

(Dkt. # 1, Ex. 3 ¶¶ 4, 6.)  The Court finds that the affidavit establishes the three Rule 803(6) criteria outlined above: it confirms that the records Defendant relies upon were made at or near the time of the event recorded, or reasonably soon thereafter; it confirms that the records were kept in the regular course of Ford's business; and it confirms that making the records was part of Ford's regular course of business.

Furthermore, the Court also finds that Ballard is a "qualified witness" under Rule 803(6).  "A qualified witness is one who can explain the record keeping system of the organization and vouch that the requirements of Rule 803(6) are met."  United States v. Brown, 553 F.3d 768, 792 (5th Cir. 2008) (quoting United States v. Iredia, 866 F.2d 114, 120 (5th Cir. 1989)).  As stated above, Ballard has been employed by Ford since 1985; as a result of his extensive experience, he is familiar with Ford's record keeping practices and is competent to both explain Ford's record keeping system and vouch that the requirements of Rule 803(6) have been met.  Finally, Plaintiff provides the Court with no information to show that

the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.  Thus, the Court overrules Plaintiff's objections to the Vehicle Information Report and the Ford Mini-999 Report.

II.     Statute of Repose

Having determined that the evidence offered by Defendant is admissible and may be considered by the Court in ruling on this Motion, the Court now turns to the basis for Defendant's Motion: the products liability statute of repose set forth in § 16.012(b) of the Texas Civil Practice & Remedies Code.  That section states in full: "Except as provided by Subsections (c), (d), and (d–1), a claimant must commence a products liability action against a manufacturer or seller of a product before the end of 15 years after the date of the sale of the product by the defendant."  Tex. Civ. Prac. & Rem. Code § 16.012(b).  Defendant argues that none of the exceptions provided for in subsections (c), (d), and (d–1) apply, (Dkt. # 11 at 3), and Plaintiff does not contest this point.[2]  (See Dkts. ## 13, 15.)

---

[2] Plaintiff also does not contest Defendant's assertion that Plaintiff is a "claimant," Ford is a "seller," Ford is a "manufacturer," and the strict products liability and negligence claims made against Ford fall within a "products liability action," as defined in § 16.012(a) of the Texas Civil Practice and Remedies Code.  (See Dkt. # 11 at 2–3.)  The Court agrees with Defendant on these points.

A.      Texas Civil Practices and Remedies Code § 16.012(b)

Defendant argues that § 16.012(b) of the Texas Civil Practices and Remedies Code bars Plaintiff's claims in this case because she filed this suit more than fifteen years after Ford sold the subject vehicle. (Dkt. # 11 at 1.) As specifically stated in § 16.012(b), the relevant date of sale is the date on which the product was sold *by the defendant*—not the date on which it was purchased by the plaintiff. Tex. Civ. Prac. & Rem. Code § 16.012(b); Zaragosa v. Chemetron Inv., Inc., 122 S.W.3d 341, 345–46 (Tex. App.—Fort Worth 2003, no pet.). Defendant's evidence shows that the subject vehicle was sold by Ford on April 2, 1999. (Dkt. # 11, Ex. 3 ¶¶ 5, 7, 9; Id. Ex 4; Id. Ex. 5.) Plaintiff commenced this suit on April 25, 2014, just over fifteen years after the date of sale. (Dkt. # 1.) Because more than fifteen years passed between the date on which Defendant sold the subject vehicle and the date on which Plaintiff commenced this suit, the Court finds that § 16.012(b) of the Texas Civil Practices and Remedies Code bars Plaintiff's products liability action claims.

B.      Open Courts Challenge

Plaintiff, however, asks the Court not to apply the statute of repose to the claims she brings on behalf of her minor children in this case. (Dkt. # 13 at 1–2.) The Court notes that Plaintiff makes no argument as to the constitutionality of § 16.012(b) as applied to Plaintiff individually and as representative of the estate of

10

Luis Romero.  (See Dkts. ## 13, 15.)  The Court holds that § 16.012(b) bars the claims Plaintiff brings individually and as representative of the estate of Luis Romero.

According to Plaintiff, § 16.012(b) violates the open courts provision of the Texas Constitution because it requires minor children to bring suit prior to their age of majority.  (Dkt. # 13 at 1–2.)  The Texas Constitution guarantees that "[a]ll courts shall be open, and every person for any injury done him . . . shall have remedy by due course of law."  Tex. Const. art. I, § 13.  The open courts provision operates to ensure that "a person bringing a well-established common-law cause of action will not suffer unreasonable or arbitrary denial of access to the courts."  Yancy v. United Surgical Partners Int'l, Inc., 236 S.W.3d 778, 783 (Tex. 2007).  "It is, quite plainly, a due process guarantee."  Id. (citing Sax v. Votteler, 648 S.W.2d 661, 664 (Tex. 1983)).

To establish an open courts violation, the party challenging a statute must show that (1) the statute restricts a well-recognized, common law cause of action (the well-recognized prong), and (2) the restriction is unreasonable or arbitrary when balanced against the statute's purpose (the balance prong).  Lund. v. Giauque, 416 S.W.3d 122, 127 (Tex. App.—Fort Worth 2013) (citing Thomas v. Oldham, 895 S.W.2d 352, 357 (Tex. 1995)).  This two-pronged inquiry applies to open courts issues whether the underlying challenge is an as-applied or a facial

11

attack. Id. (citing Boyd v. Kallam, 152 S.W.3d 670, 680 (Tex. App.—Fort Worth 2004, pet. denied)).

### 1. The Well-Recognized Prong

Defendant argues that Plaintiff's open courts challenge fails on the first prong because she does not assert a common law cause of action on behalf of her five minor children. (Dkt. # 14 at 5.) Instead, Plaintiff brings only statutory wrongful death claims on behalf of her children. (Id.; Dkt. # 1 ¶ 2.1.) Texas courts have noted that at common law, no personal injury cause of action survived a victim's death. Horizon/CMS Healthcare Corp. v. Auld, 34 S.W.3d 887, 903 (Tex. 2000); Diaz v. Westphal, 941 S.W.2d 96, 100 (Tex. 1997). A victim's heirs could not sue either on behalf of the victim or for their own losses. Auld, 34 S.W.3d at 903; Diaz, 941 S.W.2d at 100. Thus, Texas law holds that "[b]ecause wrongful-death and survival actions would not exist absent legislative enactment, they are derived not from the common law but from a statute." Auld, 34 S.W.3d at 903. Here, Plaintiff brings only statutorily-derived wrongful death claims on behalf of her children. (See Dkt. # 1 ¶ 2.1.) As such, the Court finds that Plaintiff's open courts challenge fails on the first prong, and Plaintiff's claims on behalf of her minor children are barred by § 16.012(b).

2. The Balance Prong

Plaintiff does not make any argument regarding the first prong of the open courts inquiry. Instead, she asserts that the statute of repose in § 16.012(b) unreasonably and arbitrarily restricts her minor children's right to sue for the death of their father under the second prong of the open courts analysis. (Dkt. # 13 at 6.) First, Plaintiff argues that § 16.012(b) is unreasonable and arbitrary because complying with it would require her minor children to do the impossible—file suit before reaching the age of majority. (Dkt. # 13 at 4.) Second, Plaintiff argues that her minor children were not afforded a "reasonable time" to protect or act on their rights after the accident before the statute of repose barred their claims. (Dkt. # 15 at 2.) Lastly, Plaintiff argues that the risks statutes of repose are meant to address—namely, indefinite potential liability—are not applicable to children's claims. (Dkt. # 15 at 4.)

In support of her first argument, Plaintiff cites Rivera v. Compton, in which the El Paso Court of Appeals held that a statute requiring a claimant to bring a health care liability claim within ten years of the date of injury violated the open courts provision as applied to minors injured before their eighth birthdays, because it effectively cut off the minors' cause of action before the minors were able to assert it. 392 S.W.3d 326, 333 (Tex. App.—El Paso 2012, pet. granted).

However, the Texas Supreme Court reversed the El Paso Court of Appeals in Tenet Hospitals Ltd. v. Rivera, —S.W.3d. —, 2014 WL 4116813 (Tex. Aug. 22, 2014).  The Supreme Court held that the statute of repose did not violate the open courts provision as applied to the plaintiff in that case because she had not been sufficiently diligent in bringing her claims before the deadline, and made no judgment as to whether the statute was unconstitutional as applied to minors in general.  Tenant Hospitals, 2014 WL 4116813, at *3.

In fact, the Texas Supreme Court has never invalidated a statute of repose under the open courts provision.  See Methodist Healthcare Sys. of San Antonio, Ltd., LLP v. Rankin, 307 S.W.3d 283, 290 n.38 (Tex. 2010) (listing cases in which Texas courts upheld various statutes of repose against open court challenges; Tenent Hospitals is the only case to address the issue since 2010). Unlike a statute of limitations, which "operate[s] procedurally to bar the enforcement of a right, a statute of repose takes away the right altogether, creating a substantive right to be free of liability after a specified time."  Galbraith Eng'g Consultants, Inc. v. Pochucha, 290 S.W.3d 863, 866 (Tex. 2009).  "Thus, the purpose of a statute of repose is to provide 'absolute protection to certain parties from the burden of indefinite potential liability.'"  Id. (quoting Holubec v. Brandenberger, 111 S.W.3d 32, 27 (Tex. 2003)).  The Texas Supreme Court has recognized that in enacting statutes of repose, "[t]he Legislature could reasonably

conclude that the general welfare of society, and various trades and professions that serve society, are best served with statutes of repose that do not submit to exceptions even if a small number of claims are barred through no fault of the plaintiff." Rankin, 307 S.W.3d at 287.

In sum, Texas courts have not made exceptions to the "absolute protection" provided by statutes of repose even in unfortunate situations like the instant case in which the statute of repose and unlucky timing prevented Plaintiff's minor children from bringing claims through no fault of their own. As Texas courts have recognized, the purpose of a statute of repose is to cut off liability after a certain period of time without exceptions. That some plaintiffs will have their rights cut off before they are legally or practicably able to assert them is a natural consequence of such a firm rule. Indeed, the Texas Supreme Court in Rankin rejected an open courts challenge where the plaintiff did not even have an opportunity to discover her injury before the statute of repose barred her claim. Rankin, 307 S.W.3d at 290 ("The court of appeals held section 74.251(b) unconstitutional because it restricted Rankin's right to sue 'before she had a reasonable opportunity to discover the wrong and bring suit,' but the essential function of all statutes of repose is to abrogate the discovery rule and similar exceptions to the statute of limitations."). For these reasons, the Court finds Plaintiff's first two arguments unpersuasive.

As to her final argument, Plaintiff claims that the types of risk a statute of repose is meant to address—"never ending uncertainty," "open-ended exposure," or "indefinite potential liability"—are not applicable to children's claims because the statute of repose would still operate to bar their claims at a certain point after reaching majority. (Dkt. # 14 at 4, quoting Rankin, 307 S.W.2d at 286–87.) While the Court has a great deal of sympathy for Plaintiff and her children, even if Plaintiff does make a valid argument, making a showing under only the second of the two prongs is insufficient to establish an open courts violation. See Zweig v. S. Tex. Cardiothoracic and Vascular Surgical Assocs., PLLC, 373 S.W.3d 605, 609 (Tex. App.—San Antonio 2012, no pet.) (rejecting an open courts challenge where plaintiff "cannot prove at least one element of her open courts argument—i.e., that she is pursuing common-law claims"); Diaz, 941 S.W.2d at 101 ("[plaintiff's] sole remedy was conferred by statute, not by the common law. Thus, as a matter of law, the open courts doctrine does not apply to this case."); Bala v. Maxwell, 909 S.W.2d 889, 893 (Tex. 1999) ("[b]ecause [the plaintiffs] have no common law right to bring either a wrongful death or survival action, they cannot establish an open courts violation."). Because Plaintiff does not bring common law causes of action, her open courts challenge fails and § 16.012(b) bars her claims.

CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** Defendant's Motion for Summary Judgment.  (Dkt. # 11.)  Plaintiff has filed a Motion for Leave to File First Amended Complaint in order to add claims against Continental Tires the Americas, the company which manufactured the tires on the subject vehicle at the time of the accident.  (Dkt. # 17.)  In light of the Court's ruling, and in light of the representation made by Plaintiff's counsel at the hearing that Plaintiff will not encounter a statute of limitations issue against Continental, the Court **DENIES** Plaintiff's Motion for Leave to File First Amended Complaint.  (Dkt. # 17.)  The Court finds that the interests of judicial economy would best be served by Plaintiff filing a separate suit against Continental.

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, November 25, 2014.

_____
David Alan Ezra
Senior United States Distict Judge